IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GARY W. LOWE, #470610 | § | |
| VS. | § | CIVIL ACTION NO. 6:07cv5 |
| TONY GREEN, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Gary W. Lowe, a prisoner confined at the Coffield Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned by consent of the parties pursuant to 28 U.S.C. § 636(c).

Facts of the Case

The original complaint was filed on January 3, 2007. The Plaintiff complained about being denied access to toilet facilities while conducting research in the law library. On April 16, 2007, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The hearing was conducted "to dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim." *Id.* at 180. The hearing is "in the nature of a motion for more definite statement." *Id.* at 180-181. The Plaintiff testified as to the factual basis of his claims. Regional Grievance Coordinator Chip Satterwhite, Assistant Warden Eddie Baker and Nurse Kelly Maxwell were present during the

hearing in the event the Court wanted testimony about information contained in the Plaintiff's prison records or about prison policies.

The Plaintiff has hypertension and must take Hydrochlorithiazide 25 mg. tablets, which is also known as a water pill. His doctor told him to take one tablet a day in the morning. He testified about three incidents where he took a tablet before going to law library sessions and subsequently was denied permission to go to the restroom when the tablet took effect. The first incident occurred on March 21, 2006. He took a tablet around 3:30 to 4 a.m. He had a law library session later that morning. The sessions last for approximately two hours. At approximately 8:23 a.m., he urgently needed to urinate. He asked Officer Emily White for permission to use the restroom. His request was denied. The Plaintiff testified that he held it as long as he could, but he urinated on himself at approximately 9:27 a.m. He was permitted to leave the law library and shower when count cleared.

The Plaintiff filed a Step 1 grievance over the incident. He was told that inmates are advised to use the restroom before their law library sessions since there are no restroom facilities in the law library. Medical conditions requiring special access must be verified by the presentation of a medical pass. It was noted that he did not present a medical pass and that he was released as soon as count cleared. Both his Step 1 and Step 2 grievances were denied.

The second incident occurred on March 30, 2006. Once again, the Plaintiff took a tablet around 3:30 to 4 a.m. He arrived at the law library at 7:45 a.m. At 9:15 a.m., he asked Law Library Supervisor Tony Green for permission to go to the restroom. His request was denied. Count cleared at 9:46 a.m. The Plaintiff signed out and rushed to the restroom, but he urinated on himself before he reached the restroom. His Step 1 and 2 grievances were denied for basically the same reasons as before.

A third incident occurred on March 31, 2006. Officer Emily Green once again denied a request to go to the restroom. She placed the Plaintiff out on the patio, and he had to relieve himself there. The Plaintiff testified that he should have been permitted to go to the restroom. He noted that inmates are force to resort to using the patio, but he added that he could be disciplined for exposing himself there. His grievances were denied.

The Plaintiff testified that he attempted to obtain a medical pass. A nurse told him that she could not issue a pass to him. He testified that he does not take a water pill in the mornings any more. He takes the tablets in the evening. Moreover, he now goes to law library sessions from 2:15 p.m. to 4:30 p.m. He complained, however, that inmates working as clerks in the law library are permitted to go to the restroom while count is going on. He noted that law library personnel previously permitted inmates to have restroom breaks during law library sessions. The Access to Court Program Administrator Frank Hoke eliminated the breaks.

The Plaintiff testified that he experienced bladder cramps when he was forced to wait. When asked what were his physical problems due to having to wait, he replied, "nothing." He experienced only cramps. When he urinated on himself, he also experienced embarrassment and humiliation.

Nurse Kelly Maxwell testified under oath that the Plaintiff's medical records confirm he is prescribed one Hydrochlorithiazide 25 mg. tablet per day. The policy is that medical passes will not be issued unless an inmate is experiencing urinary problems. Passes are not issued simply because an inmate is issued hypertension medication.

Discussion and Analysis

The Eighth Amendment prohibits the imposition of cruel and unusual punishment. The standard of determining whether the conditions are cruel and unusual "must draw its meaning from

the evolving standards of decency that mark the progress of a maturing society." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1984). Conditions "alone or in combination" may amount to a constitutional violation. *Id.* at 347. In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court stressed that the Constitution does not mandate comfortable prisons and only deprivations denying "the minimal civilized measure of life's necessities" form the basis of an Eighth Amendment violation. Conditions that are "restrictive or even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. at 347. At the same time, in order to state a cognizable claim, a prisoner must allege facts showing that jail officials acted with a culpable state of mind -- that they acted with deliberate indifference. *Wilson*, 501 U.S. at 302-303; *Alberti v. Sheriff of Harris County, Texas*, 937 F.2d 984, 1004 (5th Cir. 1991).

The Fifth Circuit has considered a variety of cases which illustrate the type of conditions that are necessary to be considered cruel and unusual. In *Bienvenu v. Beauregard Parish Police Jury*, 705 F.2d 1457 (5th Cir. 1983), the Court held that a claim that cells had inoperative toilet facilities stated a cause of action. In *Palmer v. Johnson*, 193 F.3d 346, 353 (5th Cir. 1999), the Fifth Circuit held that there was an Eighth Amendment violation where inmates were kept for seventeen hours in a small outdoor space, deprived of protection from excessive cold and wind, and provided no sanitary means of disposing of their waste. It should be noted that the Supreme Court has held that the length of time an inmate is exposed to the offending conditions should be taken into account. *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) ("A filthy, overcrowded cell . . . might be tolerable for a few days and intolerably cruel for weeks or months."). The Court's initial impression of the present case is that the conditions were far less extreme than the conditions described in *Palmer v. Johnson,* and that the Plaintiff was exposed to such conditions for a relatively short period of time.

The case should be dismissed, however, for the same reason why the Fifth Circuit affirmed the dismissal of two inmates' claims in *Alexander v. Tippah County, Mississippi*, 351 F.3d 626 (5th Cir. 2003). The facts in *Alexander* reveal that the two inmates were placed in a cell that had no running water nor toilet facilities. The only sanitary facility was a grate-covered hole in the floor, which had to be "flushed" from outside the room. *Id.* at 627. Inmate Carroll developed an upset stomach and had to defecate into the floor drain. He was given only one sheet of toilet paper in which to clean himself. The feces from both inmates obstructed the hole and they attempted to push the feces down the hole with a piece of paper plate, which further obstructed the hole. They subsequently attempted to urinate, but the clogged drain caused the urine to splatter onto the cell floor. Carroll eventually became nauseated from the smell and vomited into the drain. The Fifth Circuit declined to decide whether holding the two inmates in the cell for twenty-four hours violated their Eighth Amendment rights. *Id.* at 631. The Fifth Circuit, instead, found that the inmates were not entitled to relief as a matter of law because their physical injuries, consisting of nothing more than nausea, were *de minimis*. *Id.* They did not sustain an injury sufficient to trigger the protection of the Constitution. The Fifth Circuit further noted that they could not recover for mental and emotional damages due to the lack of a physical injury in light of 42 U.S.C. § 1997e(e). *Id.*

In the present case, the Plaintiff admitted that he did not sustain any physical injuries. He experienced cramps, but no physical injuries. Due to the lack of injuries in this case, the Court is obligated to follow the holding in *Alexander* and find that the Plaintiff is not entitled to relief. It is additionally noted that the Plaintiff resolved the matter himself by changing the time he took his medication and attended law library sessions. The facts as alleged do not rise to the level of a constitutional violation. The Plaintiff's claim fails to state a claim upon which relief may be granted

and is frivolous in that it lacks any basis in law and fact.  The lawsuit should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).  It is accordingly

**ORDERED** that the complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).  All motions not previously ruled on are **DENIED**.

**So ORDERED and SIGNED this 24th day of April, 2007.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE